ARAM K. BERBERIAN *et al. vs.* PUBLIC UTILITY HEARING BOARD.

JUNE 10, 1955.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This proceeding was commenced by a complaint filed with the public utility administrator under authority of general laws 1938, chapter 122, §15. It was brought by a number of electors of the state against the United Transit Company, a public utility corporation of this state, and sought to have the public utility administrator enter an order requiring that company to install additional "route and destination designators" on each of its busses, on the ground that the present service in that re-

spect is unreasonable, insufficient, discriminatory and inadequate. After a hearing the administrator denied the petition and the petitioners took an appeal to the public utility hearing board under G. L. 1938, chap. 122, as amended by public laws 1949, chap. 2174, sec. 32. Following a hearing before that board a decision was rendered denying and dismissing the petition and the petitioners prosecuted the instant appeal therefrom to this court under G. L. 1938, chap. 122, §31, as amended.

The complaint or petition was apparently signed by twenty-six electors of the state of Rhode Island but only one of them appeared before the hearing board to testify. The principal, if not the entire, complaint is that the service of the utility company is inadequate and unreasonable in that presently it displays destination designators or route signs on the front and right-hand or curb side of its busses whereas such signs should be carried on the front, rear and both sides of each bus.

The only evidence in support of the complaint was offered by one of the petitioners. He testified that he and perhaps a few other persons who were not specifically identified were inconvenienced by their inability to tell the destination of a bus unless they were at the bus stop when it was approaching or had arrived at such point. In other words, the petitioner complained that without a sign on the rear and left-hand side, persons coming from those directions might run for a bus only to find upon arrival at the stop that it was not the one they desired, or if they did not rush it might happen to be the bus they wanted, thus delaying their trip; and that even a few stragglers or tardy passengers as well as the majority of the public should be served by the company.

On the other hand testimony was presented on behalf of the company showing in substance and effect that experiments had been attempted with rear signs; that they became easily damaged, lost, or changed in transit by some

of the riders in the rear, causing confusion; that especially because of the present financial condition of the company the cost of purchasing and the expense of maintaining and renewing such signs was out of all reasonable proportion to the needs of, and service to, the great majority of the traveling public who had indicated no demand therefor; and that very few similar companies in the entire country carry such signs, and when they do so it is not generally but only in special circumstances for particular needs.

There was considerable other testimony that the experiments of the company were still going on with relation to those particular locations in which the traveling public came to the bus stop in any substantial numbers from the rear or left-hand side. As to those, there was testimony that even if rear signs were displayed the last of several busses in line at certain stops would still block an effective view of the route signs on busses ahead.

The board found from a consideration of all the evidence that the company had received no complaints or requests from the general public indicating a present need or desire for a display of such route and destination signs on the busses; that in its experiments the company's efforts to install rear signs disclosed that such location was so remote from the operator that the signs were subjected to vandalism, stealing, changing, and general tampering; and that an enclosed sign at the rear and left side in addition to those now displayed would be disproportionately expensive for the company to purchase and maintain in order to serve the convenience of such a small number of potential passengers. In view of the experiments being conducted in regard to the possible location of signs on some busses to further enhance the service being rendered to the traveling public, and considering the other evidence which the board found to be greatly preponderating in favor of the company, the petition was denied and dismissed.

We have considered the transcript of testimony and the

arguments made by petitioners in their brief and orally, and we cannot say that the board in its decision misconceived the law or the evidence, or misapplied either, or that the decision in any way is unreasonble, arbitrary, illegal or prejudicial.

The only issue here is whether the present service in respect to route and destination signs on busses is inadequate and unreasonable. Undoubtedly the evidence showed that in a very small number of particular cases such additional signs might provide some further convenience to a comparatively few prospective passengers. But that is only one of the elements which must be considered in determining whether such service can be given and maintained at a reasonable cost, considering all the evidence as to other elements that enter into a mass transit company's service. While we do not agree with the argument of the company that this request was *entirely* outside the scope of the public utility administrator's jurisdiction, we are of the opinion that on this record the great preponderance of the evidence supports the decision of the board in denying the petition.

The appeal is denied and dismissed, the decision and order appealed from are affirmed, and the records in the case are ordered sent back to the respondent board.

*Harold W. Demopulos,* for petitioners.

*William E. Powers, Atty. Gen., Archie Smith, Ass't Atty. Gen.,* for State and respondent board.

*Walter F. Gibbons,* for United Transit Company.